THIBODEAUX, Chief Judge,
dissenting.
hMs. Guidry clearly offered evidence upon which a trier of fact could conclude that Glazer’s proffered reason for termination was discriminatorily pretextual. Mr. Courville’s statement that he “[was] not going to hire any more women to work in the warehouse because they [were] too much trouble” evinces an intent to discriminate.
The comment Mr. Courville made clearly relates to women, and it was made only two weeks following Ms. Guidry’s termination. Moreover, Mr. Courville had authority over Ms. Guidry’s employment. Finally, the comment’s temporal proximity to Ms. Guidry’s termination lends credence to the assertion that it related to that event.
Earl LeBlanc and Casey Howard, contrary to the majority’s assertion, were engaged in the exact conduct as Ms. Guidry. The majority’s language implies that Ms. Guidry was unequivocally denied permission when, in fact, she received no response to her request to attend her friend’s funeral. Unlike the majority’s misplaced characterization, her action was not tantamount to insubordination. At least, Ms. Guidry attempted to give notice and obtain authorization. LeBlanc and Howard did not bother to even attempt notice. Even assuming Ms. Guidry’s action was |2insubordinate, LeBlanc’s and Howard’s actions are even more egregious examples of insubordination. Yet, they were rewarded with continued employment, while Ms. Guidry suffered the ultimate disciplinary action — termination.
Ms. Guidry also offers evidence that since assuming his position as operations manager, Mr. Courville has not terminated any other employee for not reporting to work. Finally, Ms. Guidry submits that of the approximately ten persons hired by Mr. Courville to work in the warehouse since Ms. Guidry’s termination through the date of his deposition, none of the new hires was a woman.
In construing the facts in a light most favorable to Ms. Guidry, I conclude that she has raised a genuine issue of material fact as to the motive and intent of Glazer’s agent, Kevin Courville. “Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge and malice.” Smith, 639 So.2d at 751 (citing Penalber v. Blount, 550 So.2d 577 (La.1989)). See also, Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. Mr. Cour-ville’s motive and intent are factors that should be explored by a trier of fact.
Thus, I conclude that the trial court erred in granting summary judgment in favor of Glazer’s. I would reverse the trial court’s granting of summary judgment and remand this case for further proceedings.
For the foregoing reasons, I dissent.